UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
|    CHONG KIL YOM ) | Case No. 06-11284-SSM |
|    KYONG CHA YOM ) | Chapter 7 |
| ) | |
|              Debtors ) | |
| ) | |
| KWI ANGELVITCH ) | |
| ) | |
|              Plaintiff ) | |
| ) | |
| vs. ) | Adversary Proceeding No. 07-1022 |
| ) | |
| CHONG KIL YOM, *et al.* ) | |
| ) | |
|              Defendants ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of defendants Chong Kil Yom and Kyong Cha Yom to reconsider the order of April 19, 2007, denying summary judgment. For the reasons stated, the motion will be denied.

<u>Background</u>

The present adversary proceeding began as an action to determine the dischargeability of a debt arising from the alleged forging of the plaintiff's signature to a power of attorney but has since expanded to include a determination of the validity of two deeds of trust and the recovery of money damages from various parties, including a notary public and the notary's employer, who may be liable to the deed of trust holders if the allegations of the nondischargeability complaint prove to be true.

1

The plaintiff, Kwi Angelvitch, was at one time the record owner (and may still be the equitable owner) of real estate located at 4912 Pheasant Ridge Road, Fairfax, Virginia. The defendants, Chong Kil Yom and Kyong Cha Yom, are Mrs. Angelvitch's son and daughter-in-law, respectively, and at one time resided in the property with her. They filed a joint voluntary petition in this court on October 12, 2006, for relief under chapter 7 of the Bankruptcy Code, and have not yet received a discharge.[1] Using a special power of attorney purportedly signed by Mrs. Angelvitch, Mrs. Yom "sold" the property in 2002 to one Dong Chung. In 2004, Dong Chung sold the property to Mrs. Yom, who in turn sold the property to Soo Ja Lee in 2005. There seems to be no dispute that the purchasers in each of the transactions were mere straws; that the purported sales were simply devices to obtain mortgage financing on the property; and that Mrs. Angelvitch continued to reside in the property following each of the transactions. Two deeds of trust were placed on the property in connection with the third sale: a first deed of trust in favor of Washington Mutual Bank and a second deed of trust in favor of First Horizon Bank.[2]

In the complaint, Mrs. Angelvitch alleges that she did not execute the power of attorney; that her purported signature on the power of attorney is a forgery; and that she was unaware of any of the transactions until they came to light after the third purchaser, Soo Ja Lee, filed a chapter 7 petition in this court. She seeks to have any loss sustained by her excepted from

---

[1] There is a pending adversary proceeding by the United States Trustee objecting to the debtors' discharge. *McDow v. Yom*, A.P. No. 07-1046.

[2] The two mortgage companies were granted leave to intervene as defendants, since a ruling that the power of attorney was a forgery would invalidate their deeds of trust. They in turn have filed cross-claims against the debtors and third-party complaints against the notary public (Ji Yon Lee) who notarized the power of attorney, the notary's employer (AHT of Virginia, Inc.), and the two straw purchasers (Dong Chol Chung and Soo Ja Lee).

discharge on the grounds of false pretenses and actual fraud, or willful and malicious injury to property, or both.

Promptly upon being served with the complaint, the debtors filed an answer, together with a motion for summary judgment. The motion for summary judgement was supported by an affidavit of Kyong Cha Yom stating, in relevant part, that on January 11, 2002, she and her husband accompanied Mrs. Anglevitch [*sic*] to a real estate settlement office to sign the power of attorney; that she witnessed Mrs. Angelvitch sign the power of attorney and also witnessed the notarization of the document; that she discussed the power of attorney with Mrs. Angelvitch before it was signed; and that Mrs. Angelvitch had agreed that it could be used to "allow" the sale of the property to Dong Chung. Mrs. Angelvitch filed an opposition to the summary judgment motion that was supported by her own affidavit in which, among other things, she denied that she signed the power of attorney; denied that she ever went to a real estate office to sign a power of attorney; denied that she had ever agreed to allow the sale of the property; and denied that she had ever spoken to Mrs. Yom about selling the property. Based on the competing affidavits—which at that point were the only evidence before the court—the court determined that there was a genuine dispute as to material facts and denied the motion for summary judgment. The order reflecting that ruling was entered on April 19, 2007.

The parties then proceeded to conduct discovery, including a deposition of Mrs. Angelvitch that was taken on August 21 and September 5, 2007. At the deposition (which was videotaped), it quickly became apparent that Mrs. Angelvitch—who suffers from disabilities as a result of a stroke—could not testify to the facts stated in the affidavit or provide any coherent testimony in support of her claim that she had not signed the power of attorney and that her

3

purported signature was a forgery. Indeed, on the second day of the deposition, she denied that she had signed the affidavit that had been offered in opposition to the summary judgment motion. Her attorney, in response to the present motion for reconsideration, acknowledged that Mrs. Angelvitch suffers from major disabilities arising from a stroke but represented that Mrs. Angelvitch "has good days and bad days in her ability to communicate." He further represented that the information contained in the summary judgment affidavit had been obtained by her state court attorney over the course of many sessions in which he had worked with her to obtain a coherent statement of her position.[3]

### Discussion

Summary judgement is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(c). Summary judgment is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555, 91 L. Ed. 2d 265 (1985). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552. In ruling on motion for

---

[3] Following the hearing on the motion for reconsideration, and prior to the completion of this opinion, Ms. Angelvitch filed a motion for a voluntary dismissal of her complaint. A hearing on that motion is set for October 2, 2007.

summary judgment, a court should believe the evidence of the nonmovant, and all justifiable inferences must be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

In applying these standards to the original motion for summary judgment, the court determined, based on the competing affidavits, that a genuine dispute existed on the dispositive issue of whether Mrs. Angelvitch had signed the power of attorney. The motion for reconsideration relies on the deposition testimony taken subsequent to the summary judgment ruling and cites to Federal Rule of Bankruptcy Procedure 9024 and Rule 60(b)(2) and (3), Federal Rule of Civil Procedure, as grounds for revisiting the ruling.[4] The court need not decide, however, whether the deposition testimony truly constitutes "newly-discovered" evidence of the type that would support a motion for relief from a final judgment or order, since the strict standards of Rule 60 are not technically applicable to orders denying summary judgment. *See American Canoe Assn. v. Murphy Farms, Inc.*, 326 F.3d 505 (4th Cir. 2003) (explaining that motions for reconsideration of interlocutory orders, including orders granting partial summary judgment, are not subject to strict standards of Rules 59(e) and 60(b) because court retains power to revise interlocutory orders at any time prior to final judgment, notwithstanding "law of the case" doctrine). Suffice it to note that the motion for summary judgment was filed and considered before there had been any meaningful discovery (and, indeed, likely was filed as precisely to spare the Yoms the burden and expense of discovery). Given the timing of the

---

[4] The cited rules allow a court to grant relief from a final judgment or order for, among other reasons, "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial" and "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed.R.Civ.P. 60(b)(2) and (3).

original motion, and given also that an order denying summary judgment is not a final order, the court concludes that the subsequently-taken deposition testimony provides an appropriate basis for revisiting the ruling.

At trial, Mrs. Angelvitch will have the burden of establishing that her signature on the special power of attorney was a forgery and that she did not know of, or consent to, the sale of the house to Dong Chung. There can be little doubt that if her testimony at trial were the same as during the deposition, she would be unable, in the absence of some other evidence establishing that the signature on the power of attorney was not hers, to carry her burden, and the Yoms would be entitled to judgment on partial findings at the close of Mrs. Angelvitch's case. Fed.R.Bankr.P. 7052; Fed.R.Civ.P. 52(c). No evidence, other than Mrs. Angelvitch's own testimony, has been proffered to support the allegation of forgery. A compelling argument can therefore be made that the Yoms ought not to be put to the expense and burden of trial when the plaintiff has not shown that she has a reasonable likelihood of carrying her burden of proof at trial. At the same time, the court is reluctant to act precipitously when a plaintiff's inability to provide testimony in support of his or her cause of action results from a physical, neurological, or medical condition which may be ameliorated over time. The fact that Mrs. Angelvitch is now moving for a voluntary dismissal of her complaint certainly suggests that her attorney has concluded that the currently-scheduled trial date is not likely to be a "good day" in terms of her ability to testify. And since the bar date for bringing a complaint to determine dischargeability has now run,[5] a voluntary dismissal of the complaint would as a practical matter preclude her from bringing a nondischargeability claim in the future. Dismissal, if granted, would therefore

---

[5] See § 523(c), Bankruptcy Code; Fed.R.Bankr.P. 4007(c).

effectively provide the Yoms with substantially the same relief as a grant of summary judgment *unless* the pending action by the United States Trustee results in a denial of discharge (in which event the dischargeability of Mrs. Angelvitch's claim would be moot).  In any event, given the unique circumstances of this case, the court concludes that summary judgment is inappropriate and that the matter ought either to proceed to trial or to voluntary dismissal.

O R D E R

It is, accordingly,

**ORDERED:**

1. The motion for reconsideration is denied.

2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____         _____
                                     Stephen S. Mitchell
Alexandria, Virginia                 United States Bankruptcy Judge

Copies to:

Richard J. Stahl, Esquire
Stahl, Forest & Zelloe P.C.
11350 Random Hills Road, Suite 700
Fairfax, VA  22030
Counsel for the plaintiff

Richard G. Hall, Esquire
4208 Evergreen Lane, Suite 234
Annandale, VA  22003
Counsel for defendants Chong Kil Yom and Kyong Cha Yom

John F. Rinaldi, Esquire
Walsh, Colucci, Lubeley, Emrich & Walsh
4310 Prince William Pkwy.
Suite 300
Prince William, VA 22192
Counsel for John Burson, Trustee, and Washington Mutual Bank

Jeremy Brian Root, Esquire
Blankingship & Keith, P.C.
4020 University Dr. Ste. 300
Fairfax, VA 22030
Counsel for First Horizon Bank

Craig Lawrence Sarner, Esquire
Bonner Kiernan Trebach & Crociata, LLP
1233 20th St. N.W. Suite 800
Washington, DC 20036
Counsel for third-party defendants AHT of Virginia, Inc. and Ji Yon Lee